FILED

NOV - 8 2002

LARRY W. PROPES, CLERK
FLORENCE, SC

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RUTH REYNOLDS, AS PERSONAL )<br>REPRESENTATIVE OF THE ESTATE )<br>OF FREDDI KAYE REYNOLDS )<br>CHAVIS, DECEASED, ASHLEY KAY )<br>CHAVIS, FRED MATTHEW CHAVIS, )<br>CASEY COLE CHAVIS AND APRIL )<br>GRACEDEAN CHAVIS, HEIRS-AT-LAW)<br>OF FREDDI KAYE REYNOLDS )<br>CHAVIS, DECEASED, GOODYEAR )<br>CREDIT CARD PLAN, D/B/A HURLEY)<br>STATE BANK, and KISER FUNERAL )<br>HOME, )<br>)<br>Defendant(s). ) | CIVIL ACTION NO. 4-02-3782-12<br><br><br><br><br>COMPLAINT |

This is a civil action commenced by the United States of America to foreclose a Real Estate Mortgage on property situate in the District of South Carolina; and the Court has jurisdiction of this action by virtue of the provisions of 28 U.S.C. §1345.

FOR A FIRST CAUSE OF ACTION

1. The Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, is an agency of the United States of America, and at all times hereinafter mentioned, it acted for and on behalf of the Plaintiff, and the United States of America is the real party in interest in this action.

Document # 1

2. The real estate which is the subject of this action is situate in the State of South Carolina and in the County set forth in paragraph 4 of this Complaint.

3. On October 24, 1988, Ronnie D. Chavis, for valuable consideration, made, executed and delivered unto the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, a certain Promissory Note in writing and under seal wherein and whereby he promised to pay to the order of the United States of America, through its aforesaid agency, the principal sum of $47,300.00, with interest thereon from such date on the unpaid principal balance at the rate of nine and one-half percent (9.5%) per annum, payable in installments of principal and interest as follows: the first installment due and payable in the sum of $394.00 on February 24, 1989, and 392 monthly, equal, and successive installments in the sum of $394.00 each thereafter, until the principal and interest are fully paid. This loan is subject to interest credit recapture as is evidenced by a Subsidy Repayment Agreement.

4. Contemporaneously with the execution of the aforesaid Note, on the same date thereof, and in order to secure the payment of the same, Ronnie D. Chavis made, executed, and delivered unto the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, and its assigns, a Real Estate Mortgage conveying unto the United States of America, by way of Mortgage, the

following described real estate situate in the State of South Carolina and County of Chesterfield:

> All that certain piece, parcel, or lot of land, with the improvements thereon, situate, lying, and being on the corner of Pecan Drive and an unpaved county road, in Country Acres Subdivision, County of Chesterfield, State of South Carolina, and bounded as follows: beginning at an iron on the intersection of the rights-of-way of Pecan Drive and an unpaved county road and running thence along the right-of-way of Pecan Drive S 76°-18'W for a distance of 199.91 feet to an iron; thence N 14°-12'W for a distance of 100.01 feet to an iron; thence N 76°-18'E for approximately 200 feet to the right-of-way of an unpaved County road; thence along the right-of-way of said unpaved road S 14°-12'E for a distance of 100 feet to the point of beginning.
>
> Said property is more particularly shown and described as Lot 33 of Section 1-A of Country Acres Subdivision according to a plat of survey prepared by John M. Jackson, III, P.L.S. on the 29th day of June, 1988, which plat, recorded in Plat Book 37, at page 81, in the Office of the Clerk of Court for Chesterfield County, is by reference incorporated herein as a part of this description.
>
> SUBJECT to that certain Declaration of Protective Covenants dated June 27, 1963, and recorded in Miscellaneous Book 15, at page 479, in the Office of the Clerk of Court for Chesterfield County, South Carolina.
>
> This being the identical property conveyed to Freddi Kaye Reynolds Chavis by deed of Ronnie D. Chavis dated May 22, 1996, and recorded May 22, 1996 in Deed Book 351, at page 1200, in the Office of the Clerk of Court for Chesterfield County, South Carolina. Freddi Kaye Reynolds Chavis died on December 9, 2000 leaving at her heirs-at-law Ashley Kay Chavis, Fred Matthew Chavis, Casey Cole Chavis and April Gracedean Chavis as evidenced by information on file in the Office of the

Probate Court for Chesterfield County, South Carolina in Case Number 2000ES1300346.

5.  The aforesaid Mortgage was filed for record and recorded in the office of the Clerk of Court for Chesterfield County, South Carolina, on October 24, 1988, in Real Estate Mortgage Book 273 at Page 1400.

6.  On May 24, 1996, Freddi K. Chavis, executed an Assumption Agreement, whereby she assumed the indebtedness of Ronnie D. Chavis, as evidenced by the Note and Mortgage referred to above.

7. On June 5, 1996, Freddi K. Chavis made, executed and delivered unto the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, a certain Reamortization and/or Deferral Agreement in writing and under seal wherein and whereby she promised to pay to the order of the United States of America, through its aforesaid agency, the unpaid principal sum of $53,531.49 with interest thereon from such date on the unpaid principal balance at the rate of nine and one-half percent (9.5%) per annum, payable in installments of principal and interest as follows:  The first installment being due and payable in the sum of $466.00 on June 24, 1996, and equal and successive installments in the sum of $466.00 each, monthly thereafter until the principal and interest are fully paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on December 24, 2021.

8. The Promissory Note executed by Ronnie D. Chavis, whith note was assumed by Freddi K. Chavis as aforesaid, provides that the consideration herefor shall support any agreement modifying the foregoing schedule of payments. Each payment made on any indebtedness evidenced by this Note shall be applied first to interest computed to the effective date of the payment and then to principal. The Note further provides for acceleration of the entire principal sum and accrued interest to become at once due and payable without notice at the option of the holder of the said Note, in the event of any default under the terms and provisions of the Note.

9. The Real Estate Mortgage described above provides that if there is a default in any of its terms, conditions, or covenants, or of the Note secured thereby, then all sums then owing thereunder shall become immediately due and payable, and the Mortgage may be foreclosed.

10. The Plaintiff, acting by and through its aforesaid agency, is the owner and holder of the Note and Mortgage herein described.

11. The Note and Mortgage are in default because payments have not been made thereunder when due and the account has not been reinstated, although due demand for payment has been made by the Plaintiff. The Plaintiff has elected and does hereby elect to declare the entire amount due upon the aforesaid Note and Mortgage to be immediately payable, together with all advances made thereunder for taxes, insurance premiums, and all sums advanced in

5

connection with the Mortgage and mortgaged premises under the terms of the loan instruments and applicable regulations. There is due to Plaintiff, under the aforesaid Note and Mortgage as of October 24, 2002, $96,609.47, which amount includes principal and interest, as well as other advances; and, Plaintiff is entitled to daily interest accrual from the above-stated date in the amount of $13.7059 for each day and any other charges accruing thereafter. Further, defendant Freddi K. Chavis received a subsidy in the amount of $31,415.64 during the life of the loan. Therefore, this loan is subject to interest credit recapture as evidenced by the Subsidy Repayment Agreement.

  12. Pursuant to Rule 9(c), Federal Rules of Civil Procedure, any and all loan servicing actions required by applicable statutes and regulations which may be conditions precedent to proceeding with this foreclosure have been performed or have occurred.

  13. The Plaintiff does not seek a deficiency judgment in this action.

  14. The defendant, Goodyear Credit Card Plan, d/b/a Hurley State Bank is made a party to this action by virtue of a Statement of Creditor's Claim dated May 4, 2001 and recorded May 7, 2001 in the Office of the Probate Court for Chesterfield County, South Carolina, in Case No. 2000 ES 1300346 in the amount of $477.46. This Creditor's Claim is subordinate to the Mortgage of the Plaintiff.

15. The defendant, Kiser Funeral Home is made a party to this action by virtue of a Statement of Creditor's Claim dated July 13, 2001 and recorded July 13, 2001 in the Office of the Probate Court for Chesterfield County, South Carolina, in Case No. 2000 ES 1300346 in the amount of $3,879.13. This Creditor's Claim is subordinate to the Mortgage of the Plaintiff.

FOR A SECOND CAUSE OF ACTION

Upon foreclosure and sale of the property hereinabove described, in order that the purchaser at said sale may duly acquire peaceful possession of the property, the Court is respectfully requested to include in its Decree of Foreclosure and Sale the following proviso, to wit:

> After the sale of the premises, and as soon as the sale by the United States Marshal is complete, and has been approved by the Court, the mortgagor(s), or person(s) in possession, shall within fifteen days of the date of approval by the Court, move from the premises, and give up the premises, without damage or vandalism. Upon failure of any mortgagor(s) or person(s) in possession to vacate the premises within fifteen days of the date of approval by the Court, the United States Marshal is authorized, empowered and directed to enter upon the premises, and forcibly eject the parties therefrom, unless prior to such date, the mortgagor(s) or person(s) in possession has obtained from the Court an Order extending the time which said mortgagor(s) or person(s) shall have to vacate said premises. The United States Marshal (or deputy) is also authorized to remove from the premises any furniture or other possessions of the mortgagor(s) or person(s) in possession, and any interference with the activities of the Marshal will be upon pain of contempt of Court.

WHEREFORE, the Plaintiff prays:

(1) The amount due upon the aforesaid Note and Mortgage be ascertained and determined by the Court;

(2) The Plaintiff's Mortgage be declared a first lien on the mortgaged premises and Plaintiff have judgment of foreclosure for the amount found to be due and owing, together with all costs and expenses of this action and of the sale of the property, and that all right, title, interest and equity of redemption of the defendants and of any person holding by, through, or under them be forever barred in and to the mortgaged premises;

(3) The property herein described be sold at public outcry free and clear of all liens, except the liens of ad valorem taxes, if any, and that the proceeds of sale be applied as follows:

First, to the costs and expenses of this action and sale of the property, as decreed by the Court;

Second, to the payment and discharge of the amount due on the Plaintiff's Note and Mortgage;

Third, the surplus, if any, be distributed according to law.

(4) The further relief sought by Plaintiff in its Second Cause of Action be granted; and

(5) For such other and further relief as the Court may deem just and proper.

```
                              J. STROM THURMOND, JR.
                              United States Attorney


                              BY: /s/ Laverne H. Manning
                                  LAVERNE H. MANNING (ID #5746)
                              Assistant United States Attorney
                              Attorneys for Plaintiff
                              1441 Main Street, Suite 500
                              Columbia, South Carolina 29201
                              (803) 929-3000
```

Columbia, South Carolina
_Nov. 4_, 2002

9